HARDY, Judge.
This suit was instituted by plaintiff, individually, for the recovery of medical expenses, and as administrator of the estate of his minor child, for damages for personal injuries sustained as the result of an automobile accident. From judgment rejecting plaintiff’s demands he has appealed.
The accident occurred near Zimmerman, Rapides Parish, Louisiana, on the afternoon of May 15, 1955, following the holding of a picnic celebration by a group of colored people. Except for one point the facts are established without dispute. After conclusion of the picnic festivities a group of the guests left the picnic grounds and made their way to a parking area some distance removed. Among the early arrivals at the location of the parked cars and trucks was the defendant, Lester Newton, who occupied himself by assisting a number of children to take their places in the back of a truck which was parked some six feet, more or less, in front of defendant’s automobile, a 1952 Chevrolet. While so engaged defendant was approached by two girls, Rosa Lee and her sister, Jessie May Lee, aged 15 and 17 years, respectively. Despite her younger age, Rosa was considerably larger than her sister and was *290 physically mature in áppearance. While engaged in conversation with the girls the defendant was holding in, or dangling from, his hand a chain on which were hung the keys to his car. Rosa began to beg defendant to give her the keys so she might drive his. car, which request, according to his positive testimony and that of some of his witnesses, he refused. It is at this point that the contradiction in testimony becomes material. Defendant and a number of his witnesses testified that the girl, Rosa, being refused permission to take the keys, snatched them from his hand. To the contrary, Rosa and some of plaintiff’s witnesses testified that defendant voluntarily .surrendered the keys. In any event, the subsequent actions of the parties occurred in a period of a few seconds time. Defendant testified that after Rosa snatched the keys out of his hand he asked her sister, Jessie May, if Rosa could drive, and, on being informed that she could not drive, he immediately turned and ran to his car in pursuit of Rosa. Meanwhile, Rosa, who was clearly the “dea in machina” of the entire occurrence, had entered defendant’s car, inserted the key in the ignition lock, turned the switch and pressed the starter button. Defendant, in immediate pursuit, reached the car just as it responded to the starter and leaped forward in the direction of the rear of the truck parked immediately in front of defendant’s Chevrolet automobile. Unquestionably, the lunging action of the vehicle is explained by defendant’s testimony that he had left the car in low gear.
The minor son of plaintiff, Booker T. Mitchell, thirteen years of age, was caught between the vehicles, sustaining a fracture and other injuries of the left arm.
According to the great preponderance of the testimony defendant did everything in his power to avert the accident. He caught the left front door of his car, thrust himself partially into the vehicle and immediately applied the brake pedal with his right foot, bringing the car to a complete stop, after which he backed away from the truck, effecting the release of the pinioned child. Unquestionably, the injuries would have been much more serious but for the prompt and efficacious action of the defendant.
We think the only issue presented by this appeal is purely factual in nature, and it is to be noted that there is no citation nor argument of law in brief of either counsel. It is clear that unless the defendant voluntarily surrendered the keys or acquiesced in the taking of the keys by the girl, Rosa Lee, there is no legal ground upon which he may be held for negligence. In our opinion, the testimony substantially preponderates in favor of defendant’s contentions that he did not voluntarily surrender the keys and that he did not acquiesce in their taking.
It is zealously argued by counsel for plaintiff that, even if the keys were forcibly snatched from his hand, it was defendant’s duty to immediately pursue and restrain Rosa Lee from operating the car. We do not think this conclusion necessarily follows. Certainly it was not unreasonable for defendant, in view of the mature development and appearance of the girl, to pause for the necessary fraction of a second in order to inquire if she was qualified to drive an automobile. The girl, Rosa, was IS years of age, which is above the legal requirement, and appeared to be much older.
We think defendant’s actions under the circumstances were prompt, efficient and deserving of commendation rather than censure. No conclusion of -negligence in any degree would be justified under the facts.
For the reasons assigned the judgment appealed from is affirmed.